Virginia Naisbitt **NIELSEN**, Plaintiff
and Respondent,

v.

Harold L. **NIELSEN**, Defendant
and Appellant.

No. 13692.

Supreme Court of Utah.

Dec. 17, 1974.

David E. Littlefield of Salt Lake County Bar Legal Services, Salt Lake City, for defendant and appellant.

Theodore S. Perry, Logan, for plaintiff and respondent.

CALLISTER, Chief Justice:

Plaintiff filed an action, seeking a divorce on October 26, 1973; the complaint and summons were served on defendant at that time. When defendant failed to file a responsive pleading, plaintiff's counsel had the clerk enter defendant's default on November 16, 1973, as provided in Rule 55(a)(1) U.R.C.P. On March 14, 1974, defendant filed an answer and counter-claim. Plaintiff filed a motion to strike defendant's pleadings on the ground that defendant's default had been entered and had not been set aside. Plaintiff further sought a stay of all proceedings until she was released from the Utah State Hospital.

The trial court granted plaintiff's motion to strike defendant's pleadings on the ground that the previously entered default had not been set aside.[1] The trial court further ordered a stay of all proceedings. Defendant appeals therefrom and contends that the entry of default was void ab initio on the ground that the 20 day period in which a defendant must answer as provided in Rule 12(a), U.R.C.P. is not applicable in a divorce action.

The order of the trial court granting plaintiff's motion to strike defendant's pleadings was not a final order or judgment and was not appealable under Rule 72(a), U.R.C.P. The defendant's appeal is dismissed.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

1. Rule 55(c), U.R.C.P. provides that an entry of default may be set aside by the court for good cause shown.